UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. HOWELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-04990-JPH-DLP |
| ANDREW SAUL Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**ORDER**

Jeffrey Howell's lawsuit against the Commissioner of the Social Security Administration ("SSA") concerns whether the SSA overpaid him $3,754 and wrongfully withheld $1,285 from him. Dkt. 1. Specifically, Mr. Howell alleges that the SSA wrongly determined that the $3,754 in disability benefits he received for October, November and December 2013 was an overpayment. Dkt. 1 at 5 (Compl. ¶¶ 32-33). Mr. Howell further alleges that the SSA wrongly withheld $1,285 in disability benefits that he should have received for January 2016. Dkt. 1 at 5 (¶ 35). In his prayer for relief, Mr. Howell seeks a declaratory judgment that he is entitled to the disability benefits for October, November and December 2013; a temporary restraining order and/or preliminary injunction prohibiting the SSA from withholding benefits; and an order that any amount already withheld to be repaid with interest. Dkt. 1 at 7 (¶¶ 50-52). Mr. Howell filed a motion for a temporary restraining order and preliminary injunction on January 2, 2020. Dkt. [9].

1

To obtain a temporary restraining order, Mr. Howell must show that: (1) he has a reasonable likelihood of success on the merits; (2) he has no adequate remedy at law; and (3) he will suffer irreparable harm without injunctive relief.[1] *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). "Where the only remedy sought at trial is damages, the two requirements —irreparable harm, and no adequate remedy at law—merge. The question is then whether the plaintiff will be made whole if he prevails on the merits and is awarded damages." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). If Mr. Howell fails to meet any of these threshold requirements, the Court must deny the injunction. *Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1086.

The Court does not address whether Mr. Howell has shown a likelihood of success on the merits because he has not shown the other requirements. Mr. Howell has not demonstrated that there is no adequate remedy at law. Mr. Howell seeks to recover $1,285 that he claims he was entitled to have received as his disability benefit for January 2016, and to retain the $3,754 in disability benefits that he received for October, November and December 2013. Dkt. 1; dkt. 9. If Mr. Howell is successful with his action, he will be entitled to monetary damages that are easily calculable and that can be paid to him following the entry of final judgment. He has not shown why this legal remedy is inadequate to redress his claims. *See D.U. v. Rhoades*, 825 F.3d 331, 339

---

[1] The standards for a temporary restraining order and a preliminary injunction are the same. *See McCleskey v. Hooks AV, Ltd. Liab. Co.*, No. 1:18-cv-02397-JRS-DML, 2018 WL 5255011, at *1 (S.D. Ind. Oct. 22, 2018)

(7th Cir. 2016) (Litigants will not meet the standard for irreparable harm if "money damages could make [them] whole again should [they] prevail" after a trial.); *Girl Scouts of Manitou Council, Inc.*, 549 F.3d 1079, 1095 (7th Cir. 2008) ("[A]n inadequate legal remedy is when the nature of the loss incurred by the plaintiff makes it difficult to calculate damages.").

Mr. Howell similarly has not demonstrated that he will suffer irreparable harm without injunctive relief. Some examples of circumstances where damages as a remedy may be insufficient and where irreparable harm may occur include: (1) a monetary award being too late to save the plaintiff's business; (2) the plaintiff not being able to finance his lawsuit against the defendant without the revenues from his business that the defendant is threatening to destroy; (3) damages being potentially unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected; and (4) the nature of the plaintiff's loss making damages very difficult to calculate. *See Roland Mach. Co.*, 749 F.2d at 386.

No comparable circumstance exists here where the relief Mr. Howell seeks is a determination whether the SSA wrongfully withheld a month of disability benefits from him and whether he may keep two months of disability benefits that the SSA claims were wrongfully paid to him. "[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Ultimately, Mr. Howell will be made whole if he prevails on the merits and is awarded

damages. *Id.* Accordingly, Mr. Howell's motion for a temporary restraining order is **DENIED**. Dkt. [9].

Mr. Howell's motion for a preliminary injunction is **taken under advisement,** pending response from the Commissioner. Dkt. [9].

Mr. Howell's request to withdraw his previously filed *ex parte* motion for a temporary restraining order, dkt. 3, is **GRANTED**. Dkt. 9-1. The **clerk is directed** to terminate the motion. Dkt. [3].

Last, Mr. Howell's motion requesting service of process by the United States Marshal is **DENIED as moot**. Dkt. [4]. Under Local Rule 5-12(a), and by agreement with the United States Attorney, no actual service of initial process is required in Social Security appeals brought in the United States District Court for the Southern District of Indiana. The Social Security Administration will treat notification through the Court's Case Management and Electronic Filing System (CM/ECF) as service under Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY E. HOWELL
P.O. Box 6093
Bloomington, IN 47407