UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:19-cv-04990-JPH-DLP |
| | ) |
| ANDREW SAUL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Production of Documents, Dkt. [38]. For the reasons explained below, the motion is **GRANTED**.

**I.   Background**

On December 20, 2019, Plaintiff initiated the present litigation, seeking declaratory relief related to Administrative Law Judge Belinda Brown's determination that he was overpaid benefits and injunctive relief related to Defendant's withholding of benefits that he should have received. (Dkt. 1). On February 10, 2021, after five extensions, the Defendant filed the Certified Administrative Record in this case, which purports to "constitute a full and accurate transcript of the entire record of proceedings relating to [the] case." (Dkt. 36).

On February 23, 2021, Plaintiff filed the present Motion for Production of Documents requesting that a certified transcript of his August 3, 2015 benefit determination hearing be produced with the administrative record in this case.

1

(Dkt. 38). Defendant filed his response objecting this to request on March 9, 2021, and Plaintiff filed his reply on March 15, 2021. (Dkts. 39, 40).

## II. Discussion

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Plaintiff argues that the Defendant should be ordered to produce the certified transcript of his August 3, 2015 hearing before Administrative Law Judge John H. Metz. (Dkt. 38). In response, the Defendant argues that the August 2015 hearing is not relevant to the issues in this case. (Dkt. 39). Specifically, the Defendant maintains that this case challenges the Social Security Administration's decision that Mr. Howell received an overpayment of benefits and that he was not entitled to a waiver of the assessed overpayment, and since these issues were addressed during the November 13, 2018 administrative hearing, the August 2015 hearing is irrelevant. (Id.).

In his reply, the Plaintiff presents argument that the ALJ's basis for denying his request for a waiver of overpayment in November 2018 was premised on the misrepresentation that Mr. Howell failed to notify the ALJ in August 2015 that he had been incarcerated during a period of time that he was claiming disability benefits. (Dkt. 40 at 1). Plaintiff maintains that ALJ Metz was aware of his incarceration and that it was discussed at the August 2015 hearing. (Id. at 2). Plaintiff contends that a transcript of the August 2015 hearing is pertinent to his ability to present accurate details related to the alleged overpayment and to provide evidence of Defendant's prior knowledge of his incarceration and the circumstances surrounding that time period. (Id.). Acknowledging the challenges associated with

preparation of a transcript, Plaintiff offers another option – for Defendant to stipulate to his awareness, prior to the alleged overpayment, of Plaintiff's incarceration. (Id. at 3).

Generally, judicial review of an agency decision is limited to review of the administrative record. *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 855 (7th Cir. 2009); *Miami Nation of Indians of Ind., Inc. v. Babbitt*, 979 F. Supp. 771, 775 (N.D. Ind. 1996); 42 U.S.C. § 405(g). However, judicial review of an agency decision may expand beyond the record in certain circumstances, such as when: (1) necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) the agency has relied on documents not in the record; (3) supplementing the record is necessary to explain technical terms or complex subject matter; or (4) the plaintiff makes a showing of agency bad faith. *Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006). Similarly, limited discovery may be permitted to ensure "full presentation of the issues" to the reviewing court and where the need for discovery is not "insubstantial or frivolous." *Id.* at 1075.

Here, Plaintiff contends that ALJ Brown's overpayment determination was based in part on Defendant's claim that Plaintiff failed to inform Defendant that he had been incarcerated and thus a copy of the August 2015 transcript is needed to present an accurate account of the issues. (Dkt. 40 at 1-2). The Court agrees. A certified copy of the August 2015 transcript will provide a fuller presentation of whether ALJ Brown was correct in her determination that the Plaintiff had failed to

inform the Administration of his incarceration. (Id.; Dkt. 36-2 at 13 (finding Plaintiff was at fault for the overpayment for "not alert[ing] the Administration of his incarceration at the time he filed his initial application for benefits, or in subsequent appeals.")).

Even if the Court were to agree with Defendant that discovery is not permissible because an exception does not apply, production of the August 2015 hearing testimony would still be warranted. Pursuant to sentence three of 42 U.S.C. § 405(g), as part of the Commissioner's answer, the Commissioner is required to file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. "Having the 'whole record' before it is crucial" to the Court's judicial review. *Babbitt*, 979 F. Supp. at 775.

Though phrased as a discovery request, what *pro se* Plaintiff seeks is a complete administrative record. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) ("The Supreme Court has cautioned that any 'document filed *pro se* is to be liberally construed.'"). Here, ALJ Brown found that the Plaintiff had failed to inform the Administration of his incarceration. (Dkt. 36-2 at 13). This determination would necessarily have involved a consideration of Plaintiff's application and his communications with the Administration as part of the appeals process. *See* 20 C.F.R. § 404.507 (defining "fault" for purposes of determining whether overpayment should be waived, and noting that the Social Security Administration considers "all pertinent circumstances" related to a claimant's failure to furnish information

4

which he knew or should have known to be material). Accordingly, the August 2015 hearing transcript is necessary to ensure the Court has the entire record before it.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Production of Documents, Dkt. [38], is **GRANTED**. Defendant shall file a certified transcript of Plaintiff's August 3, 2015 benefit determination hearing before Administrative Law Judge John H. Metz within **thirty (30) days** of this Order. No extensions shall be anticipated.

The Court's Order Setting Briefing Schedule, (Dkt. 37), is hereby amended as follows: Within **fifty-six (56) days** of the filing of the certified transcript of the August 3, 2015 hearing, Plaintiff may file a supplemental brief in support of the complaint. If the Plaintiff desires not to supplement his brief, he shall notify the Court. Within **fifty-six (56) days** after service of Plaintiff's brief or notice of his intent not to supplement, the Defendant shall file a brief in response. Within **twenty-eight (28) days** after service of Defendant's opposition brief, Plaintiff will file his reply brief, if any. All other requirements of the Court's Order Setting Briefing Schedule, (Dkt. 37), shall remain in effect.

So ORDERED.

Date: 5/4/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JEFFREY E. HOWELL
P.O. Box 6093
Bloomington, IN 47407